**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| KIMTON COLEMAN, | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil No. 3:14-CV-4174-L |
| | § | |
| UNITED SUBCONTRACTORS, INC. | § | |
| d/b/a CHAMPION INSULATION, | § | |
|     **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Order of Reference*, Doc. 19, the Court now considers Plaintiff's *Motion for Default Judgment*, Doc. 8, and *Defendant United Subcontractor Inc.'s Motion to Set Aside the Clerk's Entry of Default*, Doc. 14. For the reasons that follow, it is recommended that the motion for default judgment be **DENIED** and the motion to set aside default be **GRANTED**.

## I. BACKGROUND

On November 23, 2014, Kimton Coleman initiated this suit against his former employer, United Subcontractors Inc. d/b/a Champion Insulation, alleging racial discrimination and retaliation under Title VII of the United States Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-5(f), and failure to pay for overtime under Section 7 of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). Doc. 1 at 1. Defendant was served via its registered agent, National Registered Agents, Inc., on January 27, 2015. Doc. 5. However, Defendant failed to answer or otherwise defend as directed within the time allowed and, upon Plaintiff's request, the Clerk of the Court entered default against it. Doc. 6; Doc. 7. On October 2, 2015, Plaintiff moved for default judgment against Defendant, Doc. 8, and on November 6, 2015, Defendant moved to set aside the entry of default, Doc. 14.

Defendant claims Margaret Richter, its former Vice President of Human Resources and the person who responded to Plaintiff's EEOC claim, was the person responsible for receiving the summons and complaint from Defendant's registered agent.  Doc. 14 at 10.  However, Richter's employment with Defendant was abruptly terminated on August 15, 2014, causing Defendant to have to contract with an interim human resources professional while it searched for a replacement.  Doc. 14 at 9.  Kristin Nordling was hired to replace Richter in January 2015. Doc. 14 at 10.  Defendant claims that, as a result of these events, it was unaware of the pending litigation until October 27, 2015, when it received a "cold call" informing it of the default.  Doc. 14 at 10; Doc. 15 at 4.  Defendant avers that after discovering the default, it moved expeditiously to retain counsel and request the default be set aside.  Doc. 14 at 10.

## II.   APPLICABLE LAW

Rule 55(c) of the Federal Rules of Civil Procedure provides that the "court may set aside an entry of default for good cause."  The requirement of good cause has generally been interpreted liberally.  *Hilseweck P'ship v. E. Energy Res., Inc.*, No. 11-CV-0186, 2011 WL 3501719, at *1 (N.D. Tex. 2011) (Fitzwater, J.).  Three factors are examined for determining good cause: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented.  *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).  "Willful failure alone may constitute sufficient cause for refusing to set aside an entry of default."  *Hilseweck P'ship*, 2011 WL 3501719 at *1.  Willfulness in this context is reviewed under an "excusable neglect" standard.  *Id.*  These factors are not exclusive; other factors may be considered, such as whether the party acted expeditiously to correct the default.  *Effjohn Int'l Cruise Holdings, Inc.*, 346 F.3d at 563.  "The decision to set aside a default decree lies within the sound discretion of

the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) (citation omitted).

## III.  ANALYSIS

### a.  Defendant's Failure to Act Was Not Willful

Defendant claims that its failure to provide a timely response was based on excusable neglect arising from a breakdown in the transition from one permanent vice president of human resources to the next.  Doc. 14 at 8.  Plaintiff counters that Defendant has failed to show excusable neglect and has failed to offer concrete averments.  Doc. 23 at 2.  Plaintiff asserts that Defendant's explanation fails to identify to whom and when the registered agent sent the complaint and summons, or when the complaint and summons were received.  Doc. 23 at 2. Additionally, Plaintiff argues that Defendant has failed to disclose Nordling's specific hire date. Doc. 23 at 2.

Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Alfarouqi v. Tri-Speed Inv., Inc.*, 2013 WL 5314436, at *3 (N.D. Tex. Sept. 23, 2013) (Lindsay, J.) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993)).  The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.*  Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness." *Id.* (citing *Mattress Giant Corp. v. Motor Adver. & Design Inc.,* No. 3:07–cv– 1728–D, 2008 WL 898772, at *2 (N.D. Tex. Mar.31, 2008)).

Resolving any doubts in favor of Defendant, *Lacy v. Sitel Corp.*, 227 F.3d at 292 (5th Cir. 2000), the Court concludes that Defendant's failure to timely respond was the result of a communications breakdown during the transition between permanent human resource directors

3

and was not willful.  *See In re Waggoner*, 2007 WL 3171740 at *4 (Bankr. N.D. Tex. Oct. 24, 2007) (Jones, J.) ("Relief is generally afforded when a defaulting party is able to present certain basic explanations for the inaction which gave rise to the default entry.") (citing *McGrady v. D 'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970)).  Notably, Defendant has presented sufficient evidence to show that in the previous EEOC proceeding, it was actively defending against Plaintiff's claims.  *Microsoft Corp. v. Ames Holding Corp.*, 2009 WL 3246756 at *2 (E.D. Tex. Oct. 6, 2009) (holding that the clerk's entry of default should be vacated and the motion for default judgment should be denied when the record indicates that defendant was actively defending the claims against it prior to the filing of plaintiff's motion for default judgment).

Accordingly, the Court finds that Defendant's failure to timely answer or defend was the result of excusable neglect.

### b.   *Setting the Default Aside Would Prejudice Not Plaintiff*

Defendant argues that Plaintiff will not suffer any prejudice considering that Plaintiff knew his claims were disputed based on Defendant's responses to the EEOC complaint.  Doc. 14 at 12; Doc. 15 at 6-17.  Defendant also asserts that the delay will not result in the loss of evidence, increase of discovery difficulties, or encourage fraud or collusion.  Doc. 14 at 12.

Plaintiff responds that procuring discovery will be increasingly difficult, and establishing the fact that the Defendant did not follow its motor vehicle policy will be equally difficult, considering that Richter, the person responsible for investigating internal complaints and resolving employee concerns, is no longer employed with Defendant.  Doc. 23 at 4.  Plaintiff further argues that it will be unable to locate the significant number of "undocumented foreign nationals" who were not required to possess a driver's license.  Doc. 23 at 4.  Lastly, Plaintiff

contends that the only other non-Hispanic employee during Plaintiff's tenure, Kevin, no longer works for Defendant.

Delay alone is insufficient to constitute prejudice.  *Lacy*, 227 F.3d at 293.  It is Plaintiff's burden to show that setting aside the default will bring about a loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.  *Id.*  "The mere fact that setting aside the default will delay [the plaintiffs'] recovery or require that they litigate their claims is insufficient."  *Hilseweck P'ship*, 2011 WL 3501719, at *2 (quoted case omitted).

Here, Plaintiff does not explain why the employment statuses of Richter and Kevin hinder his ability to prosecute this action.  More specifically, Plaintiff has not offered any evidence to suggest that said witnesses are beyond the subpoena power of a federal court.  Additionally, Plaintiff's conclusory allegations regarding the unidentified group of "undocumented foreign nationals" are also insufficient to meet the standard of specificity required to demonstrate prejudice.  *See Joe Hand Promotions, Inc. v. Valdez*, 2014 WL 30437 at *2 (N.D. Tex. Jan. 3, 2014) (Lindsay, J.) (holding that plaintiff's arguments regarding the unavailability of witnesses are speculative and not specific enough to show that plaintiff will be prejudiced if the default is set aside.).

Accordingly, the Court finds that setting aside the default will not prejudice Plaintiff.

### c. *Defendant Offers a Meritorious Defense*

There is no dispute that Defendant offers a meritorious defense to Plaintiff's claims.  Referring to its response to Plaintiff's EEOC complaint, Defendant asserts that it has asserted non-discriminatory reasons for its employment actions, which include that Plaintiff lacked a driver's license.  Doc. 14 at 13, 15.  Additionally, Defendant argues that Plaintiff has failed to allege prima facie claims of discrimination and retaliation under Title VII, and that as to his Fair

Labor Standards Act allegations, there is material factual dispute regarding the number of hours worked and compensation he received for the period of February 2013 to July 2013.  Doc. 14 at 13.  Further, Defendant has demonstrated that it is ready and able to actively defend this lawsuit.  Doc. 9; Doc. 15 at 4; *see Gamez v. Hospital Klean of Texas, Inc.*, 2013 WL 1089040 at *5 (W.D. Tex. March 14, 2013) ("it is especially appropriate to set aside the Clerk's entry of default in this case because Defendant has retained counsel and appears to be prepared to actively defend the claims asserted against it").  Notably, Plaintiff concedes that Defendant has proffered a meritorious defense, although he nonetheless submits that the discovery difficulties caused by the delay in the litigation will make it more challenging to rebut Defendant's assertions.  Doc. 23 at 5.

Based on the its analysis of the foregoing factors, and in light of the fact that defaults are generally disfavored and cases should be tried on the merits, *G & C Land v. Farmland Management Services*, 587 Fed. Appx. 99, 102 (5th Cir. 2014), the Court concludes that the Clerk's entry of default should be set aside.

**ATTORNEY'S FEES**

Plaintiff seeks an award of attorney's fees for securing the entry of default, filing his *Motion for Default Judgment*, and responding to the motion *sub judice*.  Doc. 23 at 5.  Plaintiff also seeks the costs associated with locating former employees of the Defendant who were employed during Plaintiff's tenure and who have knowledge responsive to Plaintiff's allegations.  Doc. 23 at 5.

Defendant concedes that courts have the authority to require a defaulting party to pay the reasonable attorneys' fees incurred in obtaining the entry of default and responding to a motion to set aside.  Doc. 24 at 8.  However, Defendant argues that Plaintiff's request for more is

unreasonable and subverts equitable principles litigation on the merits is designed to protect.
Doc. 24 at 8.

The Court concludes that because Defendant's conduct caused Plaintiff to incur attorney's fees in obtaining a default, filing its *Motion for Default Judgment*, and in responding to Defendant's *Motion to Set Aside Default*, Plaintiff is entitled to reimbursement of the same. However, the additional relief Plaintiff seeks is unsupported.  Indeed, that Plaintiff will incur any additional discovery costs due to the delay caused by Defendant's default is merely speculative.

Accordingly, Defendant should only be required to reimburse Plaintiff's reasonable attorney's fees for securing the entry of default, filing its *Motion for Default* Judgment, and responding to Defendant's *Motion to Set Aside Default*.  See *Joe Hand Promotions, Inc. v. Valdez*, 2014 WL 30437 at *2.

## IV.    CONCLUSION

For the foregoing reasons, *Defendant United Subcontractor Inc.'s Motion to Set Aside the Clerk's Entry of Default*, Doc. 14, should be **GRANTED**, the Clerk's April 28, 2015 entry of default, Doc. 7, should be set aside, and Defendant should be ordered to file an answer or other responsive pleading.  Defendant should also be ordered to pay Plaintiff's reasonable attorney's fees incurred in securing the entry of default, filing its *Motion for Default Judgment*, and responding to Defendant's *Motion to Set Aside Default*.  Plaintiff's *Motion for Default Judgment*, Doc. 8, should be **DENIED AS MOOT.**

**SO RECOMMENDED** on January 20, 2016.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE